UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>JOHN SHIELLS,<br>　　　　Defendant. | Case No. 14-cr-00581-PJH-1<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF PROBATION**<br><br>Re: Dkt. No. 75 |

Before the court is the represented motion of defendant John Shiells for early termination of probation, which is governed by 18 U.S.C. § 3564(c). Dkt. no. 75 ("Mot."). The government has filed a statement of non-opposition. Dkt. no. 76. Having determined that defendant has not shown "exceptionally good behavior" or changed circumstances that would render his three-year probation term either too harsh or inappropriately tailored to serve general punishment goals, the court DENIES defendant's motion for early termination of probation for the reasons set forth in the order denying the motion for early termination in *United States v. Powers,* No. 11-cr-00722-PJH (N.D. Cal. July 19, 2019).

Defendant has raised several factors for consideration in support of his motion, such as avoiding unwarranted sentencing disparity. As the court articulated in *Powers,* consistency in granting early termination of probation among bid rigging defendants would be better served by considering requests for early termination that are submitted by the Probation Office, "which is in a better position than the court initially to weigh suitability for early termination after considering an offender's history and conduct while

on supervision and assessing the allocation of resources within that office in light of caseload and risk management." *Id.,* slip op. at 4.  Defendant also mentions ongoing health problems that were reflected in the PSR, but has not demonstrated any notable changes in his medical condition since the time of sentencing.

Furthermore, defendant's contention that termination of probation would speed up the process for reinstating his real estate license does not weigh heavily in favor of early termination at this time, when defendant has served only one year and eight months of his three-year probation sentence, given his concession that the criteria for rehabilitation published by the California Department of Real Estate require a two year time period from the date of the conviction.   Mot. at 5 n.2.  *See* Cal. Code Regs. Title 10 § 2911 ("The passage of less than two years after the most recent criminal conviction or act of the applicant that is a cause of action in the Bureau's Statement of Issues against the applicant is inadequate to demonstrate rehabilitation.").  Defendant is instructed to discuss his efforts to reinstate his real estate license with his probation officer for consideration by the Probation Office in recommending early termination of probation. Given defendant's failure to demonstrate extenuating circumstances or exceptionally good behavior above and beyond what is expected of an individual on supervision, the motion for early termination of probation is DENIED.  Any deadlines and hearings on defendant John Shiells's motion for early termination of probation are VACATED.

**IT IS SO ORDERED.**

Dated: August 19, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge